## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____ :
                                :
ANTHONY DWAYNE TERRY,           :
                                :        Civil Action No.
              Petitioner,       :        09-0720 (RBK)
                                :
         v.                     :        M E M O R A N D U M
                                :        O R D E R
J. GRONDOLSKY,                  :
                                :
              Respondent.       :
_____ :
```

This matter is before the Court upon submission of Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, and it appearing that:

1.   On the dates unspecified in the Petition, Petitioner: (a) pled guilty to federal firearm charges in the United States District Court for the Eastern District of Virginia; and (b) was sentenced, in that court, to 180 months of imprisonment.[1] See Docket Entry No. 1, at 1-2.

II.  Petitioner did not appeal his conviction and sentence. See id. at 2.  Rather, he filed either a § 2255 motion or a habeas

---

[1]   The docket number of Petitioner's criminal prosecution suggests that his criminal proceedings were initiated in 2003, see Docket Entry No. 1, at 1, but no other date is provided in the Petition.

petition with the court unspecified in the instant Petition.[2] See id. at 1.

III. On February 14, 2009, Petitioner executed the instant § 2241 application, which arrived unaccompanied by either Petitioner's filing fee or his application to proceed in this matter in forma pauperis.   See id. at 4.   In his Petition, Petitioner challenges constitutionality of his guilty plea and the ensuing sentence,[3] see id. at 2-3, although he paraphrases this challenge in terms of "execution" of his sentence.[4]   See id. at 1.

---

[2] The nature of Petitioner's previous challenge(s) is unclear, since the sole bit of information provided by Petitioner to this Court reads as follows: "Have you filed previous petitions for habeas corpus, motions under 28 U.S.C. § 2255, or any applications, petitions or motions with respect to this conviction? Yes." Docket Entry No. 1, at 1. Thus, the Court is left to guess the nature, procedural status and even the number of these unspecified petitions, motions and applications. The Court's own research detected a § 2255 action, which appears to be one of the actions Petitioner might have filed: Terry v. USA, 1:04-cv-00553 (JCC) (E.D. Va., closed on May 10, 2004).

[3] Specifically, Petitioner asserts that he was unaware of the sentence enhancement possibility, which resulted from Petitioner's two state drug convictions preceding the challenged conviction and sentence. See Docket Entry No. 1, at 2-3.

[4] Petitioner seems to assert that his sentence, being – in his opinion – unconstitutionally imposed – should not be executed as imposed by his sentencing court. Compare Docket Entry No. 1, at 1, with Docket Entry No. 1, at 4 ("Petitioner contends that his sentence is constitutionally invalid . . . . If his sentence is not corrected, the execution of the same [would] constitute a miscarriage of justice in violation of the United States Sentencing Guidelines").

IV.   Petitioner asserts that this Court has jurisdiction to address his § 2241 Petition.  See id. at 1.  Specifically, Petitioner states that "Section 2255 [is a] wrongful remedy to attack [his] sentence."  Id. at 1.

V.    Petitioner errs.  This Court is without jurisdiction under § 2241 to entertain Petitioner's instant application.  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

VI.   Section 2241 of Title 28 of the United States Code provides in relevant part:

>       The writ of habeas corpus shall not extend to a prisoner unless-  .  .  . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).  As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial

Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[5]  See 28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343-44 (1974); <u>United States v. Hayman</u>, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy

---

[5]

The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." <u>United States v. Hayman</u>, 342 U.S. 205, 213-14 (1952).

under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[6]   See 28 U.S.C. § 2255.   Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).   A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."   Cradle, 290 F.3d at 538. "It is the *inefficacy of the remedy, not the personal inability to use it, that is determinative*."   Id. (emphasis supplied).   "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the

---

[6]
    The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."   Swain v. Pressley, 430 U.S. 372, 381 (1977).

one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[7]  Id. at 539.

VII. Since § 2255 is neither inadequate nor ineffective vehicle for Petitioner's challenge that his trial court erred when it sentenced Petitioner, this Court is without jurisdiction to entertain the Petition under § 2241.  The Court, therefore, is constrained to dismiss the Petition for lack of jurisdiction.

---

[7]

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions.  See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.  Here, however, Petitioner's challenges do not assert a Dorsainvil scenario.

**IT IS** on this  31ˢᵗ  day of  March , 2009,

**ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED for lack of jurisdiction;[8] and it is further

**ORDERED** that, within thirty days from the date of entry of this Order, Petitioner shall either submit his filing fee of $5.00 or his application establishing his qualification to prosecute this matter in forma pauperis; and it is finally

---

[8] Having no definite information from Petitioner as to whether Petitioner actually filed any § 2255 motions (and, if yes, how many § 2255 motions Petitioner filed or attempted to file), or appealed the outcomes of such § 2255 motions, the Court takes this opportunity to stress to Petitioner that this Court's dismissal of the instant Petition does not preclude Petitioner from filing a timely § 2255 motion with his sentencing court, or from seeking leave to file second or successive § 2255 motion from the applicable court of appeals.  In addition, having no information from Petitioner as to the number of habeas petitions filed by him, the Court takes this opportunity to remind Petitioner about the consequences of abusing the writ.

> When a prisoner files multiple petitions for habeas corpus relief, the abuse of the writ doctrine as set forth in 28 U.S.C. § 2244(a) may bar his claims:  No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .

Furnari v. U.S. Parole Commission, 2005 WL 535390, *20-21 (3d Cir. March 8, 2005) (relying on Sanders v. United States, 373 U.S. 1, 9 (1963)).

**ORDERED** that the Clerk shall serve this Order by regular mail upon Petitioner, together with a blank <u>in</u> <u>forma</u> <u>pauperis</u> application, and shall close the file on this matter.


<u>s/Robert . Kugler</u>
**ROBERT B. KUGLER**
**United States District Judge**